IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELVIN STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-00278-RK |
| | ) |
| CVS PHARMACY, INC.; MISSOURI CVS PHARMACY, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Melvin Strickland brings one count of medical negligence related to erroneous fulfillments of a prescription throughout 2020. Before the Court is Defendants CVS Pharmacy, Inc. and Missouri CVS Pharmacy, LLC's (collectively, "CVS") motion for summary judgment. (Doc. 33.) The motion is fully briefed. After careful consideration and review, the Court **ORDERS** that CVS's motion for summary judgment is **DENIED**.

## Background

On or about August 24, 2018, Plaintiff's primary care nurse prescribed him Duloxetine 30 milligram ("mg") capsules, to be taken one capsule by mouth daily (30 mg total). (Doc. 35 at ¶ 5.) Plaintiff filled his prescription at CVS Pharmacy #5655. (*Id.* at ¶ 6.) In 2018 or 2019, Plaintiff's nurse practitioner increased his Duloxetine dosage to 60 mg capsules, to be taken one capsule by mouth once daily (60 mg total). (*Id.* at ¶ 7.) Plaintiff continued filling his prescription at CVS Pharmacy #5655. (*Id.* at ¶ 8.) On or about November 5, 2019, Plaintiff's nurse practitioner increased his Duloxetine dosage again, this time to 30 mg capsules, to be taken three capsules by mouth daily (90 mg total). (*Id.* at ¶ 10.) Plaintiff had the prescription filled at CVS Pharmacy #5655 and followed the instructions provided on the prescription label—take three (3) capsules daily. (*Id.* at ¶ 11.)

On or about January 23, 2020, CVS Pharmacy #5655 dispensed a prescription for Duloxetine 60 mg capsules to Plaintiff, with instructions to take one capsule daily. (*Id.* at ¶ 12.) Approximately one week later, CVS Pharmacy #5655 also dispensed Duloxetine 30 mg capsules to Plaintiff with instructions to take three capsules daily. (*Id.* at ¶ 13.) After receiving both prescriptions, Plaintiff ingested one 60 mg capsule and three 30 mg capsules each day, in

accordance with CVS's instructions, resulting in a total daily dosage of 150 mg of Duloxetine. (*Id.* at ¶ 14.) Plaintiff continued receiving refills of both prescriptions throughout 2020—his last bottle of 60 mg capsules was filled on December 30, 2020. (Doc. 34-2 at ¶ 3.)

On January 5, 2021, Plaintiff informed his nurse practitioner that he had been taking one 60 mg capsule and three 30 mg capsules of Duloxetine daily, resulting in a total daily dosage of 150 mg of Duloxetine for the previous year. (Doc. 35 at ¶ 15.) Plaintiff's nurse practitioner did not intend for Plaintiff to ingest more than 90 mg of Duloxetine per day. (*Id.* at ¶ 16.) Plaintiff alleges that during 2020, he experienced adverse health effects that his nurse practitioner later attributed to the overdosing of Duloxetine, opining that the medication "caus[ed] or contribut[ed] to" those health issues. (Doc. 1-1 at ¶ 27.)

On January 20, 2022, Plaintiff filed a medical negligence action against CVS in the Circuit Court of Clay County, Missouri. (Doc. 35 at ¶ 18.) Summons was issued on January 24, 2022. (Doc. 34-3 at 1.) On April 19, 2022, Plaintiff requested and was granted a ninety-day extension of time to file the required healthcare provider affidavit pursuant to § 538.225, RSMo.[1] (*Id.* at ¶ 21.) Plaintiff never filed the affidavit or effectuated service of process on CVS in this case. (*Id.* at ¶¶ 19-23.) On May 14, 2024, the circuit court scheduled a dismissal hearing for July 25, 2024. (Doc. 37 at ¶ 28.) Two days before the dismissal hearing, on July 23, 2024, Plaintiff voluntarily dismissed the 2022 case. (*Id.* at ¶ 24.)

On December 30, 2024, Plaintiff refiled his medical negligence claim against CVS in the same circuit court. (*Id.* at ¶ 25.) CVS was served with the Complaint on March 19, 2025, and Plaintiff filed a healthcare provider affidavit on March 20, 2025. (*Id.* at ¶ 26; Doc. 34-4 at 2.) CVS removed the case to the United States District Court for the Western District of Missouri.

CVS moves for summary judgment, arguing that Missouri's two-year statute of limitations for medical negligence claims bars Plaintiff's claim.

---

[1] Section 538.225 requires that a medical malpractice plaintiff submit, "no later than ninety days after the filing of the petition," an affidavit stating that the plaintiff has obtained the written opinion of a legally qualified health care provider stating that the defendant health care provider committed medical malpractice that directly caused or contributed to the damages claimed by the plaintiff. Mo. Rev. Stat. § 538.225.1, 5. Failure to do so requires that the court "upon motion of any party, dismiss the action . . . without prejudice." § 538.225.6.

2

**Legal Standard**

Federal Rule of Civil Procedure 56 governs a motion for summary judgment. "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (internal quotation marks omitted). "A moving party is 'entitled to judgment as a matter of law' if the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof." *Woodsmith Pub. Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"In considering a motion for summary judgment, the court does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008). Instead, the Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Fed. Ins. Co.*, 893 F.3d at 1102 (internal quotation marks omitted).

**Discussion**

CVS's statute of limitations argument concerns several Missouri statutes. The applicable statute of limitations for medical negligence actions is two years. Mo. Rev. Stat. § 516.105.1. CVS argues that the statute of limitations expired on January 23, 2022, two years after the first allegedly erroneous fulfillment of 60 mg capsules (i.e., on January 23, 2020, following the nurse practitioner's November 5, 2019 prescriptions for three 30 mg capsules for a total of 90 mg). Even assuming that CVS is correct,[2] Plaintiff's original action, filed on January 20, 2022, was timely filed.

Under Missouri's medical malpractice statute of limitations, a plaintiff that does not serve a medical malpractice defendant before the two-year statute of limitations expires must do so

---

[2] According to Plaintiff, he "arguably had until January 5, 2023 to file his original lawsuit since he did not discover that he was overdosing on Duloxetine until January 5, 2021." (Doc. 35 at 1-2.) However, the Court notes that "Missouri courts have consistently declined to adopt a 'discovery' exception to section 516.205[.]" *C.H. v. Infertility Ctr. of Saint Louis*, 681 S.W.3d 579, 584 n.6 (Mo. Ct. App. 2023). Plaintiff does allege that CVS continued to over-dispense Duloxetine to him until December 30, 2020. The parties have not briefed this issue as the exact date is not dispositive to the issue at hand.

3

within 180 days "of the filing of the petition," and if they do not, the action is subject to dismissal without prejudice (unless the plaintiff has previously taken or suffered a nonsuit, when the dismissal for failure to serve a defendant within the required 180 days of the filing of the petition would be with prejudice). Mo. Rev. Stat. § 516.105.2. Under CVS's view, because the statute of limitations expired on January 23, 2022, and it was not served in the first action before then, Plaintiff was required to serve it by July 19, 2022. As indicated above, Plaintiff did not complete service of process (or file the required qualified medical affidavit) and instead voluntarily dismissed the action on July 22, 2024.

In addition to the medical malpractice statute of limitations, Missouri also has a general savings statute which permits the refiling of a lawsuit which would otherwise by barred by a statute of limitations so long as it is filed within one year of a "nonsuit" where the first act was "commenced within the times respectively prescribed in sections 516.010 to 516.370[.]" Mo. Rev. Stat. § 516.230. Plaintiff refiled this second medical negligence action against CVS on December 30, 2024, well within the tolled one-year period provided under the savings statute. *See also Zinke v. Orskog*, 422 S.W.3d 422, 424 (Mo. Ct. App. 2013) ("A voluntary dismissal without prejudice is a species of nonsuit.").

CVS argues that the savings statute is unavailable to Plaintiff because the original action was not "properly commenced." It argues that the original action was not "properly commenced" because (1) Plaintiff failed to serve CVS within 180 days as required under Missouri's medical malpractice statute of limitations, § 516.105.2, RSMo, and (2) Plaintiff failed to file the required healthcare provider affidavit as prescribed by § 538.225, RSMo. (Doc. 34 at 7-8.) Missouri courts have rejected this argument.

Under Missouri law, a civil action is commenced for purposes of the savings statute upon the filing of a petition. *Ostermueller v. Potter*, 868 S.W.2d 110, 111 (Mo. banc 1993); Mo. Sup. Ct. R. 53.01 ("A civil action is commenced by filing a petition with the court.") In *Ostermueller v. Potter*, the Missouri Supreme Court expressly rejected earlier case law that imposed a due diligence requirement in effecting service of process for purposes of invoking the savings statute, explaining that any judicially-created due diligence requirement stemmed from earlier statutory and rule language that required both the filing of a petition and "suing out of process." 868 S.W.2d at 111. However, as the court explained, that language was removed when Rule 53.01 was amended in 1972. As amended, Rule 53.01 requires only the filing of a petition to commence an

4

action and no longer conditions "commencement" of an action on service of process.[3] Accordingly, noncompliance with Rules exacting service of process or post-filing statutory requirements does not alter the fact that the action was commenced upon filing for purposes of the savings statute. *See id.* ("[D]ue diligence in effecting service of process in the first suit" is not necessary to invoke the savings statute.); *Bailey v. Innovative Mgmt. & Inv., Inc.*, 890 S.W.2d 648, 652 (Mo. banc 1994) ("Under *Ostermueller,* service is only required to avoid dismissal for failure to prosecute the claim and even if that occurs, if the other requirements are met, the action can be re-filed."); *Korman v. Lefholz*, 890 S.W.2d 771, 774 (Mo. Ct. App. 1995) ("An affidavit is not a prerequisite to commencing a medical malpractice action" and therefore failure to obtain a healthcare provider affidavit as required under § 538.225 does not preclude invocation of the savings statute in a later-filed lawsuit.).

CVS argues that *Ostermueller* is inapplicable in that it predates the 2018 amendment to section 516.105, RSMo, adding subsection 2, intended by the Missouri General Assembly "[t]o prevent the *Ostermueller*[] loophole."[4] (Doc. 37 at 3.) CVS's argument ignores the plain language of the statute and Missouri caselaw. Subsection 2 requires that in a medical malpractice action, a plaintiff must serve the defendant within 180 days of the filing of the petition if the defendant is served after the statute of limitations has expired. The subsection further sets out that the

---

[3] Under Missouri Supreme Court Rule 54.01, the clerk of the court issues a summons or other process "[u]pon the filing" of a petition, which summons or other process is required to be "promptly serve[d]." Rule 54.01(a), (c); Mo. Sup. Ct. Rule 54.21 (requiring that service of process be made "promptly"). Rule 54.21 provides further that "[i]f the process cannot be served it shall be returned to the court within thirty days after the date of issue . . . provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court." While Rule 54 itself "is silent as to the consequence of the failure to make prompt service," *Brick v. Koeppen*, 672 S.W.3d 62, 67 (Mo. Ct. App. 2023), Missouri's courts have also recognized that the effect of Rule 54.21 is that "[p]rocess not served within 30 days [after issuance of the summons] becomes *functus officio* and confers no authority thereafter, unless the court extends the time." *New LLC v. Bauer*, 586 S.W.3d 889, 897 (Mo. Ct. App. 2019) (internal quotation marks omitted).

[4] CVS also argues that *Ostermueller* is not analogous because Plaintiff did not attempt to serve process upon CVS in the original action, whereas the *Ostermueller* plaintiff attempted service three times. The Court disagrees. While Plaintiff appears to have exploited the period of time between the triggering of section 516.105.2 in 2022 and his nonsuit on July 23, 2024; as Plaintiff points out, the statutory language of sections 516.105 and the savings statute (and the Missouri Supreme Court's interpretation thereof) did not technically require him to attempt service *in order to benefit from the savings statute. Cf. State ex rel. Weigman v. Moentmann*, 942 S.W.2d 441, 444-45 (Mo. Ct. App. 1997) ("The rare case in which a party files an action and obtains the summons but fails to ever attempt to serve the defendant can be taken care of through application of existing procedural mechanisms such as dismissal for failure to prosecute.").

consequence for failure to serve a medical malpractice defendant within 180 days of the filing of the petition where service occurs after expiration of the statute of limitations is dismissal without prejudice, provided the plaintiff has not previously taken or suffered a nonsuit.

Neither § 516.105 nor the savings statute indicate that the savings statute shall only apply if Plaintiff has satisfied section 516.105.2's service of process timeliness requirement; to the contrary, section 516.105.2 specifically provides that the dismissal shall be *without prejudice* even in the instance where the statute of limitations has expired, signaling the Missouri General Assembly's intent to permit tolling by application of the savings statute even after dismissal pursuant to section 516.105.2. *Cf.* § 516.230 (savings statute applies specifically to statutes of limitation set forth in "sections 516.010 to 516.370" with no carve out for failure to serve defendants within a specified time or pursuant to other statute). "[Section] 516.105.2 [merely] prescribes the consequence (i.e., dismissal) for failing to serve a [medical malpractice] defendant after a period of time that is not prompt (within 180 days of the filing of the petition after the statute of limitation has expired)." *Brick v. Koeppen*, 672 S.W.3d 62, 67, 64 n.4 (Mo. Ct. App. 2023) (acknowledging the existence of a timely-refiled petition by operation of the savings statute after dismissal pursuant to § 516.105.2 and also recognizing the difference between "timely fil[ing] by virtue of section 516.230" and untimely service "in accordance with section 516.105.2").[5]

Plaintiff's December 30, 2024 filing of this action is timely by operation of Missouri's saving statute. CVS's motion for summary judgment is therefore **DENIED**.

## Conclusion

After careful consideration and for the reasons explained above, CVS's motion for summary judgment (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 20, 2026

---

[5] In *Brick v. Koeppen*, a medical malpractice plaintiff refiled her malpractice suit after she took a nonsuit when she failed to serve defendants in an initial action. The subsequent action was timely filed pursuant to the savings statute; however, the plaintiff failed to serve defendants as required by 516.105.2 for the second time, resulting in dismissal *with* prejudice. *Brick*, 672 S.W.3d at 64 n.4.